UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARON A. HOLL,

        Plaintiff

                              C-1-09-618

JOHN E. POTTER,
POSTMASTER GENERAL,

        Defendant

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 28), plaintiff's objections (doc. no. 32) and defendant's response (doc. no. 33). The Magistrate Judge concluded that 1) plaintiff failed to satisfy the threshold issue that she is disabled under the Rehabilitation Act; 2) plaintiff failed to prove a *prima facie* case of discrimination or hostile work environment; 3) plaintiff failed to raise her request for accommodations in either of her two EEOC complaints and thereby failed to exhaust any claim regarding accommodations; 4) plaintiff

1

failed to establish retaliation by defendant in denying FMLA leave because the determination that plaintiff was not entitled to FMLA leave was based upon her lack of sufficient consecutive work days and was made by the FMLA coordinator who had no prior knowledge of plaintiff's prior EEOC activity; 5) plaintiff failed to establish a *prima facie* case of discriminatory treatment based upon her race; 6) plaintiff failed to establish a *prima facie* case of retaliation; and 7) plaintiff failed to establish a *prima facie* case of age or gender discrimination. The Magistrate Judge therefore recommended that defendant's Motion for Summary Judgment (doc. no. 16) be granted and this case be terminated on the docket of this Court.

Plaintiff objects to the Magistrate's Judge's Report and Recommendation on the grounds that her findings are contrary to law and makes the following objections.

Plaintiff objects to the Magistrate Judge's finding that plaintiff Sharon A. Holl has not established prima facie claims for disability discrimination. Plaintiff argues that the Magistrate Judge also erred by failing to find that plaintiff established a *prima facie* claim for

retaliation, FMLA eligibility, reverse race discrimination, hostile work environment and age/gender discrimination.

Defendants make the following responses to plaintiff's objections.

The Magistrate Judge correctly set forth the applicable controlling law and properly applied that law to the undisputed facts in this case. Properly raised objections to a Magistrate Judge's Report are reviewed *de novo*. Fed. R. Civ. Proc., R. 72. General objections, however, are not sufficient to preserve an issue for review and a general objection to the entirety of the Report is the same as no objection. Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.

Defendant further argues that an objection to the Report and Recommendation is not a proper place to offer new arguments. *Murr v. United States,* 200 F.3d 895, 902 n.1(6th Cir. 2000).

As to objections in Section IIA., plaintiff relies on the analyses in *Calero-Cerezo v. U.S. Dept. of Justice,* 355 F.3d 6 (1st Cir. 2004); *Talley*

3

*v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099 (6th Cir. 2008); *Ace v. State of New York*, 207 A.D.2d 813, 815, 616 N.Y.S.2d 640(N.Y.A.D. 1994)(*Friedmann, J., dissenting), affd.* 87 N.Y.2d 993, 665 N.E.2d 656, 642 N.Y.S.2d 855 (N.Y.1996); *King v. Town of Wallkill,* 302 F. Supp. 2d 279 (S.D.N.Y. 2004); *Williams v. Bright,* 167 Misc.2d 312, 313, 632 N.Y.S. 2d 760 (N.Y.Sup. 1995), *rev'd*, 230 A.D.2d 548, 658 N.Y.S. 2d 910 (N.Y.A.D. 1997).

Plaintiff relies on the analyses in the following cases as to the objections in Section IIB: *Shapiro v. Social Security Administration, EEOC Request No. 05960403* (December 6, 1996) [sic]; *Burlington & Northern Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006).

As to plaintiff's objections in Section IIC, plaintiff directs the Court's attention to the following statutes and cases: 29 U.S.C. § 2612(a)(1)(D); 29 U.S.C. § 2611(11); 29 U.S.C. § 2614(a)(1); 29 U.S.C. § 2615(a)(1); *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 422 (6th Cir. 2004) (*citing* 29 C.F.R. § 825.220(c)),*cert. denied,* 543 U.S. 1146 (2005); *Killian v. Yorozu Auto. Tenn., Inc.* 454 F. 3d 549, 555-56 (6th Cir. 2006); *Walton v. Ford Motor Co.,* 424 F.3d 481, 485 (6th Cir. 2005)(*citing*

4

*Cavin v. Honda of Am. Mfg., Inc.,* 346 F. 3d 713, 719 (6th Cir. 2003)); 29 U.S.C. § 2614(a)(1); *Arban v. West Pub. Corp.,* 345 F. 3d 390, 400-401 (6th Cir. 2003) and 29 U.S.C. § 2615(a)(2).

As to plaintiff's objections in Section IID, plaintiff relies on the depositions of Sharon Holl and Juan Zamudio.

Additionally, plaintiff relies on the following cases and statutes in Sections IIE and IIF: *Robert Brantley Jr. v. Henderson, Postmaster General, U.S. Postal Service,* (EEOC OFO 4/28/00) [sic]; *MacDougall v. Potter,* 431 F. Supp. 2d 124 (D. Mass. 2006); *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116 (2002); 42 U.S.C. § 2000e-16(a); 29 U.S.C. §§ 621, *et. seq.*; 29 U.S.C. §§ 701, *et. seq.*; *Barnette v. Chertoff,* 453 F.3d 513, 515 (D.C. Cir. 2006); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C. Cir. 2008).

## CONCLUSION

Upon a *de novo* review of the record, especially in light of plaintiffs objections, the Court finds that plaintiffs objections have either been adequately addressed and properly disposed of by the

5

Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.

Accordingly, the Court hereby ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 28). Defendant's Motion for Summary Judgment (doc. no. 16) is GRANTED.

This case is DISMISSED AND TERMINATED on the docket of this Court.

IT IS SO ORDERED.

s/Herman J. Weber          ____<br>
Herman J. Weber, Senior Judge<br>
United States District Court